IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER IN, | ) | |
|     Plaintiff | ) | C.A. No. 15-160 Erie |
| | ) | |
| v | ) | |
| | ) | Magistrate Judge Baxter |
| JOHN E. WETZEL, et al., | ) | |
|     Defendants | ) | |

# OPINION & ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I.    INTRODUCTION

### A.    Relevant Procedural History

On June 26, 2015, Plaintiff Peter In, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. He subsequently filed an amended complaint on October 26, 2015, which superseded the original complaint and is now the operative pleading in this case. [ECF No. 14]. Named as Defendants are: John Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections ("DOC"); Nancy Giroux, Superintendent at SCI-Albion ("Giroux"); Christine Zirkle, Healthcare Administrator at SCI-Albion ("Zirkle"); Robert L. Maxa, a physician under contract with the DOC to provide medical services to inmates at SCI-

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 11, 16, 62].

Albion ("Maxa"); and Daniel R. Stroup, a physician's assistant under contract with the DOC to provide medical services to inmates at SCI-Albion ("Stroup").[2] For ease of reference, Defendants Wetzel, Giroux, and Zirkle will be referred to collectively as "DOC Defendants."

Plaintiff claims that the DOC Defendants "failed to provide access to adequate medical care to treat serious medical need" and showed deliberate indifference in violation of his rights under the eighth amendment to the United States Constitution. As relief for his claims, Plaintiff seeks monetary damages.

On December 29, 2015, the DOC Defendants filed a motion to dismiss [ECF No. 43], arguing that Plaintiff has failed to establish the necessary personal involvement of Defendants Wetzel and Giroux, and has failed to state a cognizable Eighth Amendment claim against Defendant Zirkle. Plaintiff has since filed a brief in opposition to Defendants' motion. [ECF No. 51]. This matter is now ripe for consideration.

### B.  Standards of Review

#### 1.  Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to

---

[2] Defendants Maxa and Stroup have only recently been served and are now represented by counsel, who have been granted an extension of time to file a response to Plaintiff's amended complaint by October 12, 2016. [ECF No. 63]. As a result, Plaintiff's claims against these two Defendants will not be addressed herein.

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at

556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### **2.** *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing

4

Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Personal Involvement

Defendants argue that Plaintiff has failed to establish the personal involvement of Defendants Wetzel and Giroux in the alleged Eighth Amendment violations and, thus, Plaintiff's claims against said Defendants should be dismissed.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff's claims against Defendants Wetzel and Giroux arise solely from their involvement in the grievance appeal process and their alleged failure to provide adequate access

5

to medical care in response to his complaints. These actions fail to implicate the personal involvement of either of these Defendants in the alleged Eighth Amendment violations of which Plaintiff complains. Rode, 845 F.2d at 1208. As a result, Plaintiff's claims against Defendants Wetzel and Giroux will be dismissed.

### 2. Defendant Zirkle

The DOC Defendants argue that Plaintiff's claim against Defendant Zirkle should be dismissed because she is a non-medical Defendant[3] and Plaintiff was under the supervision of medical personnel at the time of the alleged deprivation of medical care. The Court agrees.

The Third Circuit has held that prison officials who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993). In Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004), the Third Circuit expanded upon its reasoning in Durmer, as follows:

> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

Here, Plaintiff has acknowledged that he was seen and examined by Defendants Maxa and Stroup, and received treatment for his medical condition, even though Plaintiff obviously

---

[3] As Health Care Administrator, Defendant Zirkle is considered a non-medical prison official in the context of a Section 1983 denial of medical care claim. See Spencer v. Beard, 2010 WL 608276, *4 n. 5 (W.D.Pa. Feb. 17, 2010), citing Hull v. Dotter, 1997 WL 327551, *4 (E.D.Pa. June 12, 1997); Freed v. Horn, 1995 WL 710529, *3-4 (E.D.Pa. Dec. 1, 1995).

disagreed with the medical treatment he was receiving. Since the only allegations against Defendant Zirkle in this case relate to her alleged failure to intervene in the medical care already being provided by medical professionals, Defendant Zirkle cannot be held liable for deliberate indifference. As a result, Plaintiff's claims against Defendant Zirkle will be dismissed.

An appropriate Order follows.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: September 16, 2016