# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER IN, | ) | |
|     Plaintiff | ) | C.A. No. 15-160 Erie |
| | ) | |
| v | ) | |
| | ) | Magistrate Judge Baxter |
| JOHN E. WETZEL, et al., | ) | |
|     Defendants | ) | |

## MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

On June 26, 2015, Plaintiff Peter In, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. He subsequently filed an amended complaint on October 26, 2015, which superseded the original complaint and is now the operative pleading in this case. [ECF No. 14]. Named as Defendants are: John Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections ("DOC"); Nancy Giroux, Superintendent at SCI-Albion ("Giroux"); Christine Zirkle, Healthcare Administrator at SCI-Albion ("Zirkle"); Robert L. Maxa, a physician under contract with the DOC to provide medical services to inmates at SCI-

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 11, 16, 62].

Albion ("Maxa"); and Daniel R. Stroup, a physician's assistant under contract with the DOC to provide medical services to inmates at SCI-Albion ("Stroup").

Plaintiff claims that Defendants "failed to provide access to adequate medical care to treat serious medical need" and showed deliberate indifference in violation of his rights under the eighth amendment to the United States Constitution. As relief for his claims, Plaintiff seeks monetary damages.

On September 16, 2016, this Court entered an Order dismissing Plaintiff's claims against Defendants Giroux, Wetzel, and Zirkle, and said Defendants were terminated from this case.[2] [ECF No. 65]. Thereafter, on October 12, 2016, Defendants Maxa and Stroup filed a motion to dismiss Plaintiff's claims against them [ECF No. 66], arguing that Plaintiff has failed to exhaust his administrative remedies and, alternatively, has failed to state an Eighth Amendment claim upon which relief may be granted. Plaintiff filed a response to Defendants' motion [ECF No. 72], and Defendants thereafter filed a supplemental brief in support of their motion to dismiss [ECF No. 75], to which Plaintiff has since filed a reply [ECF No. 78], a supplemental brief [ECF No. 79], and two further supplements [ECF Nos. 80, 81]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

---

[2] This Court's Order was prompted by a motion to dismiss that was filed on behalf of Defendants Giroux, Wetzel, and Zirkle [ECF No. 42]. At the time, Defendants Maxa and Stroup had only recently been served and had not yet filed a response to the amended complaint in this matter.

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d

Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th

Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

Defendants argue that Plaintiff has failed to exhaust his administrative remedies in accordance with the requirements of the PLRA.

#### 1. The Exhaustion Requirement

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides, in pertinent part:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until *such administrative remedies as are available* are exhausted.

Id[3] (emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347

---

[3] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

(3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[4] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[5]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier

---

[4] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[5] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-- monetary damages--cannot be granted by the administrative process.").

discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3. Analysis

In support of their exhaustion argument, Defendants have submitted the Affidavit of Amanda West, Grievance Review Officer with the DOC Secretary's Office of Inmate Grievances & Appeals ("SOIGA"), who declares, in pertinent part:

> 14. On or around September 12, 2016, counsel for Defendants, Robert L. Maxa, M.D. and Daniel R. Stroup, submitted a subpoena to the Pennsylvania Department of Corrections, directed to SOIGA, requesting a complete copy of any and all grievance records, including grievance, rulings, appeals, etc., pertaining to Inmate Peter In (GQ-1526)….
>
> 15. In my review of the records, I determined that Mr. In appealed only one grievance to SOIGA: Grievance 532178.[6]
>
> 16. SOIGA dismissed Mr. In's appeal of Grievance No. 532178 without consideration because he failed to submit his appeal to final review in a timely manner and because he failed to provide a legible copy of his initial grievance and a copy of his appeal to the facility manager.

(ECF No. 75-1, Affidavit of Amanda West, at ¶¶ 14-16).

The grievance records attached to Ms. West's affidavit reveal further that Plaintiff submitted an appeal to final review on November 25, 2014, specifically stating that he had not yet received a response to his appeal to the Facility Manager. (ECF No. 75-1, at p. 9). On December 15, 2014, Ms. West responded to Plaintiff's final appeal as follows:

> This office is in receipt of your appeal to final review for the above referenced grievance. You indicate that you appealed this grievance to the

---

[6] Attached to Ms. West's affidavit are copies of all grievance records pertaining to Grievance No. 532178, which confirm that Plaintiff was raising the same issues that are raised in this case. Specifically, Plaintiff complained about the lack of medical treatment he was receiving for a rash he claimed to have had for over a year. (See ECF No. 75-1, at pp. 5-6).

8

> facility manager but haven't received a response. Review of the grievance tracking system determined that the facility manager's appeal response was submitted on 11/20. Upon receiving the response, you may once again submit a timely written appeal to this office for final review. Be sure that your appeal to this office includes all the necessary documents as outlined in DC-ADM 804. If all documents are not received with your appeal, it may be dismissed.

(Id. at p. 8).

Plaintiff subsequently resubmitted his appeal to final review on December 29, 2014, stating that he had received the Facility's Manager's appeal response on November 24, 2014, one day prior to the date of his first appeal to final review. (Id. at p. 3). Attached to this appeal was an illegible copy of his initial grievance (Id. at p. 7), and no copy of Plaintiff's appeal to the Facility Manager was provided. (Id. at p. 2). As a result, Plaintiff's appeal was dismissed on January 9, 2015. (Id.).

Based on the foregoing documentation, it is apparent that Plaintiff failed to exhaust his administrative remedies in accordance with the PLRA's requirements, and is now procedurally defaulted from doing so. As a result, Plaintiff's remaining claims against Defendants Maxa and Stroup will be dismissed.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 17, 2017